UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-374-C**

**ELECTRIC INSURANCE COMPANY,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**FREUDENBERG-NOK, GENERAL PARTNERSHIP,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to dismiss (DE 9). The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendant's motion in part and deny it in part.

**I. Factual Background**

This action arises out of the sale and delivery of numerous allegedly defective products by the defendant, Freudenberg-NOK, General Partnership ("FNGP"), to General Electric Company ("GE"). The plaintiff, Electric Insurance Company ("EIC"), provides product liability insurance to GE and is pursuing this action as subrogee to GE's interests.

At all relevant times, FNGP supplied GE with a dishwasher component known as a "pump seal assembly." FNGP began delivering these products to GE in 1994; at the time, the pump seal assemblies were manufactured with a unitized seal component containing a carbon steel insert. GE placed dishwashers incorporating the unitized seal into production beginning in May of 1994. In late 1996, GE claimed that the pump seal assemblies were failing due to corrosion of

the carbon steel inserts. To alleviate this problem, FNGP began using a stainless steel insert in place of the carbon steel insert.

Following these events, GE received numerous claims from homeowners who had suffered property damage from dishwasher leaks allegedly caused by the failure of the pump seal assemblies that FNGP had manufactured with carbon steel inserts. In July of 2005, EIC demanded payment from FNGP in reimbursement for the amounts EIC paid to settle these property damage claims on behalf of GE. On November 22, 2005, the parties entered into a series of tolling agreements, which tolled the applicable statute of limitations until August 1, 2006, the date this action was commenced.

EIC seeks indemnification from FNGP for the amounts it paid on behalf of GE in settlement of the property damage claims asserted by homeowners who purchased dishwashers manufactured with the allegedly faulty pump seal assembly. Specifically, EIC claims it is entitled to indemnification for over $8,000,000 it paid to these homeowners as a result of 2,104 individual claims; 479 of these claims, totaling $1,598,889.19, were paid before November 22, 2000. EIC asserts its right to indemnity under both Kentucky common law and provisions of the contract between GE and FNGP that required FNGP to defend, indemnify, and hold GE harmless from any liability resulting from certain failures of the allegedly faulty pump seal assembly.

## II. Standard of Review

Dismissal for failure to state a claim can be granted only when the defendants establish beyond a reasonable doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Hiser v. City of Bowling Green*, 42 F.3d 382, 383 (6th Cir. 1994). The court must consider the pleadings in the light most favorable to the plaintiff and take the factual allegations in the complaint as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

## III. Legal Analysis

Although the plaintiff seeks indemnity from the defendant in this action, both parties agree that the subject matter underlying the plaintiff's claims is a contract for the sale of goods. The defendant has therefore moved to dismiss the plaintiff's claims solely on the ground that they are barred by K.R.S. § 355.2-725, Kentucky's statute of limitations applicable to sale-of-goods contracts. § 355.2-725 provides that "[a]n action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. . . . A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id.* at (1), (2). Thus, the defendant argues that the plaintiff's claims accrued between 1994 and 1996, when it delivered the allegedly defective pump seal assemblies to GE and that the four-year statute of limitations on these claims expired between 1998 and 2000, years before the plaintiff filed this complaint. The defendant argues in the alternative

that, even if the court finds that § 355.2-725 is inapplicable to the plaintiff's claims, all of its claims arising before November 22, 2000, are barred by Kentucky's residual five-year statute of limitations. *See* K.R.S. § 413.020(7).

The plaintiff contends that a suit for indemnity that arises from a contract for the sale of goods is not governed by the Uniform Commercial Code ("UCC") and that K.R.S. § 355.2-725 is therefore inapplicable to its claims in this action. Instead, it asserts that its contractual indemnity claim is governed by K.R.S. § 413.090, Kentucky's fifteen-year statute of limitations for actions based on contracts, and that its common-law indemnity claim is subject to K.R.S. § 413.020(7). The plaintiff further argues that its indemnity claims did not accrue until it actually paid the homeowners for the property damage that resulted from the dishwasher leaks. Under this reasoning, both its contractual and common-law indemnity claims would be timely.

The issue of the statute of limitations that governs an indemnity suit where the plaintiff's rights arise from the breach of a contract for the sale of goods is a matter of some dispute. *See generally* David J. Marchitelli, *Causes of Action Governed by Limitations Period in UCC § 2-725*, 49 A.L.R. 5th 1 (1997) (collecting cases). Currently, the majority of jurisdictions to answer this question have held that UCC § 2-725 does not apply to such actions. *See, e.g., Central Washington Refrigeration, Inc. v. Barbee,* 946 P.2d 760 (Wash. 1997); *City of Willmar v. Short-Elliott-Hendrickson, Inc.,* 512 N.W.2d 872 (Minn. 1994); *Carrier Corp. v. Detrex*

4

*Corp.*, 6 Cal. Rptr. 2d 565 (Cal. Ct. App. 1992); *cf. Barbara Oil Co. v. Kansas Gas Supply Corp.*, 827 P.2d 24 (Kan. 1992) (holding that claim for indemnity was based on agency principles, not a contract subject to UCC). The theory behind the rule espoused in these cases is that indemnity is a separate equitable cause of action; while contract or tort liability may be "secondarily . . . involved" in such suits, indemnity is not dependent on those theories. *City of Willmar,* 512 N.W.2d at 874.

A minority of courts, however, subscribe to the view that indemnity actions based on contracts subject to the UCC are also subject to § 2-725. *See, e.g., Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214 (Utah 1984); *Farmers Nat'l Bank v. Wickham Pipeline Const.*, 759 P.2d 71 (Idaho 1988). These courts focus primarily on the UCC's policy of ensuring certainty and finality in commercial transactions. *See* U.C.C. § 2-725 cmt. 2 ("The four year period under this Article is shorter than many other statutes of limitation for breach of contract and it provides a period which is appropriate given the nature of contracts under this Article and modern business practices."); *see also Barnes v. Community Trust Bank,* 121 S.W.3d 520, 524 (Ky. Ct. App. 2003) (noting the "sound policy of the [UCC] to provide finality within a reasonable time period so that buyers and sellers may proceed with their affairs"). If a party were permitted to bring an indemnity claim based on a breach of a sale-of-goods contract after the UCC statute of limitations had expired, this policy would be undermined considerably. *See* Paul J.

Wilkinson, Comment, *An Ind. Run Around the U.C.C.: The Use (or Abuse?) of Indemnity*, 20 Pepp. L. Rev. 1407, 1454 (1993) ("If breach of warranty can be based on indemnity, with the cause of action accruing at the time of discovery, or, still later, at the time of payment to a third party, merchants remain subject to liability ad infinitum.").

Since the parties agree, however, that the Kentucky Supreme Court has yet to consider the issue, as a federal court sitting in diversity, this court must predict how the Kentucky Supreme Court would decide this question. *See Grego v. Meijer, Inc.*, 187 F. Supp. 2d 689, 691 (W.D. Ky. 2001). Recently, the Kentucky Supreme Court held that common-law indemnity claims are governed by the five-year limitations period set forth in K.R.S. § 413.020(7). *See Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 782 (Ky. 2000). In doing so, the court rejected the argument that, because the claim for indemnity arose out of injuries sustained by three police officers while trying to defuse a bomb, the one-year limitations period for tort claims should apply to the indemnity claim. *Id.* at 781-82. This result suggests that the Kentucky Supreme Court would not look to the underlying contractual basis of the plaintiff's claims here, but would instead consider its claims for indemnity as independent actions with distinct statutes of limitations. Indeed, nothing in the language of *Degener* suggests that the Kentucky Supreme Court intended to limit its holding to the facts of that case.

This conclusion is also consistent with the Kentucky Supreme Court's broad

and continued recognition of indemnity as a separate cause of action. The Kentucky Supreme Court has found that indemnity is a "jural right" and "may not be emasculated by any language or act of the Legislature, no matter how worded." *Burrell v. Elec. Plant Bd. of City of Franklin, Ky.*, 676 S.W.2d 231, 233 (Ky. 1984), *overruled on other grounds by Dix & Assoc. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24 (Ky. 1990). It has also held that "a claim for indemnity is not a claim in which the claimant seeks damages for his/her own personal injuries, but is one in which the claimant seeks restitution for damages he/she was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought," *Degener*, 27 S.W.3d at 781-82, a description that fits the plaintiff's claims in this action. The Kentucky Supreme Court's interpretation of the indemnity right indicates an adherence to the logic of the majority rule and provides satisfactory evidence that, were the Court to decide the question, it would not apply K.R.S. § 355.2-725 to EIC's indemnity claims.

The court's ultimate conclusion, however, is based not only on its reading of Kentucky Supreme Court opinions, but also on its belief that the majority rule is the better-reasoned approach. To be sure, the defendant has skillfully argued that a court's failure to consider the underlying contractual basis for an indemnity claim permits open-ended liability and also creates improper incentives for buyers of commercial products. As noted above, numerous courts and scholars have expressed concern that the majority rule leaves sellers of goods exposed to

7

indemnity claims indefinitely, a result that is particularly troubling in light of the UCC's goal of promoting certainty in commercial sales. A product manufacturer, however, not only owes a buyer the duty to perform under the contract but also may be liable to foreseeable users of its product in tort if that product causes damage or injury. Because the statute of limitations on a tort claim accrues at the time of injury, a manufacturer may be sued for personal injury or other tort damage long after the UCC statute of limitations has already run. *See* Wilkinson, *supra*, at 1446 ("With other causes of action involving the sale of goods, such as negligence and strict products liability, surviving well into the future, it is a foolish manufacturer who takes comfort from the possible repose of the breach of warranty action after four years."). It makes little sense to decry the potential open-ended liability to which the majority rule subjects sellers but allow such liability when an injured party is the plaintiff. Indeed, the minority rule leads to the incongruous result that a seller of a product could be held liable if sued directly by an individual harmed by its product while an intermediary buyer of its product could not recover if it was forced to pay the injured party and sought indemnity.

According to the minority rule, however, this is precisely the point. Under this view, there is no inconsistency in allowing an innocent injured party to sue a product manufacturer when his injury arises and barring an intermediary buyer, who had a fair opportunity to inspect the products it purchased, from obtaining indemnification from the manufacturer following such injury. *See, e.g., Central*

8

*Washington Refrigeration, Inc.,* 946 P.2d at 765 ("I believe at some point the law must recognize commercial practices and concepts, including the concept of bargained-for risk.") (dissenting opinion).  This point leads into the defendant's latter argument that, while the law favors rules that provide manufacturers with incentives to make quality products, purchasers of commercial goods must also exercise commercial reasonableness in dealing with the products they buy.[1]

The remedy for the defendant's concerns lies not in the inflexible application of K.R.S. § 355.2-725, but in the law of indemnity itself.  The right of indemnity is available to one exposed to liability because of the wrongful act of another with whom it is not in pari delicto.[2]  *Degener*, 27 S.W.3d at 780.  Recovery under an indemnity theory is permissible only when "both parties have been at fault, but not in the same fault, towards the party injured, and the fault of the party from whom

---

[1] At least one court has suggested that the majority rule encourages parties to willfully evade the UCC's statute of limitations.  Under the majority rule, "anyone buying defective goods could resell them before or after the statute had run, and upon being sued for the original defects, file a third-party complaint for indemnity and thus defeat the policy of repose underlying the statute of limitation." *Perry*, 681 P.2d at 217 n.1.

On the other hand, courts have also recognized the impracticability of holding intermediary buyers to a high duty of inspection.  Intermediaries, like GE in this case, often have little ability to inspect the products they purchase from manufacturers before these products are re-sold.  "A party who buys and then resells a product is not in a position to discover the latent defect within the warranty's limitation period because the product is in the hands of the consumer during that time." *City of Wood River v. Geer-Melkus Const. Co., Inc.*, 444 N.W.2d 305, 311 (Neb. 1989) (quoting *City of Clayton v. Grumman Emergency Prods., Inc.*, 576 F. Supp. 1122, 1127 (E.D. Mo. 1983)).

[2] "In pari delicto" means "in equal fault; equally culpable or criminal." *Black's Law Dictionary* 791 (6th ed. 1990).

indemnity is claimed was the primary and efficient cause of the injury." *Id.* (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)).  Thus, if the conduct of GE and/or EIC was commercially unreasonable, the factfinder may consider this behavior in deciding whether EIC is entitled to indemnification.  Indemnity is based on equitable principles, and the court must assess parties' conduct in deciding whether a plaintiff is or is not in pari delicto with a defendant; any fault by the buyer of a product should run not to the nature of its cause of action but to the merits of its claim for indemnity.  This approach promotes the rationale behind the minority rule by giving buyers the proper incentive to reasonably inspect the products they purchase and lowering the risk that parties to commercial contracts will attempt to maneuver around the UCC limitations period.  It also protects suits for indemnification as separate causes of action and eliminates the harsh results that rigid imposition of the minority rule might inflict on commercial distributors and other intermediaries.

In sum, the court finds that the majority rule is more theoretically sound than the minority rule and also more consistent with Kentucky jurisprudence.  It therefore holds that K.R.S. § 355.2-725 is inapplicable to the plaintiff's claims for indemnity.  The court must now consider what statute of limitations does apply to the plaintiff's claims.  In light of *Degener* and its preceding analysis of Kentucky indemnity law, the court holds that the plaintiff's claim for common-law indemnity is subject to K.R.S. § 413.020(7).  This is also the result advocated by the plaintiff,

and the defendant concedes that this statute should apply if the UCC statute of limitations does not. Under § 413.020(7), an indemnity action must be commenced within five years of its accrual. Further, a cause of action for indemnity accrues when payment is made to an injured party, not at the time of the underlying accident. *Poole Truck Line, Inc. v. Commonwealth, Transp. Cabinet/Dept. of Highways*, 892 S.W.2d 611, 612 (Ky. Ct. App. 1995) (citing *Commonwealth, Dept. of Transp., Bureau of Highways v. All Points Constr. Co.*, 566 S.W.2d 171, 173 (Ky. Ct. App. 1977)).

Pursuant to the tolling agreements entered into by the parties, the plaintiff's complaint is deemed filed on November 22, 2005. The plaintiff's cause of action for indemnity also accrued when it made payments on behalf of GE. Thus, any payments made before November 22, 2000, are time-barred. The parties agree that the plaintiff settled 479 of the claims against GE, totaling $1,598,889.19, before November 22, 2000. The court therefore holds that the plaintiff is prohibited by § 413.020(7) from recovering any payments it made on these 479 claims under a common-law indemnity theory. The plaintiff's common-law indemnity claims for amounts it paid after November 22, 2000, are timely and will not be dismissed.

The plaintiff argues that the appropriate statute of limitations for its contractual indemnity claim is K.R.S. § 413.090, Kentucky's fifteen-year statute of limitations for actions based on contracts, not § 413.020(7). It asserts that,

because this claim is one for indemnity, it is not subject to the limitations of § 355.2-725. The plaintiff also contends, however, that because this claim is contractually based, it is governed by Kentucky's contract statute of limitations. This is, in essence, an argument that the plaintiff's claim is sometimes for indemnity and other times for contract damages, depending on what statute of limitations is most favorable. The plaintiff cannot have it both ways. To the extent that the plaintiff in fact seeks contractual relief, its claim arises under a contract for the sale of goods, is subject to § 355.2-725, and is time-barred in its entirety. *See Farm Credit Bank of Louisville v. United States Mineral Prods. Co.*, 864 F. Supp. 643, 647 (W.D. Ky. 1994) ("The enactment of the U.C.C. . . . was a clear expression of legislative intent to occupy the field of commercial transactions. . . . Thus, KRS § 355.2-725 provides the proper statute of limitations for a breach of warranty claim. The cause of action accrues upon delivery."). To the extent that this claim is for indemnity, it is merged into the plaintiff's common-law indemnity claim and is dismissed only insofar as the plaintiff seeks recovery for payments made before November 22, 2000. For the purposes of clarity, the court will construe it as the former and will order the plaintiff's contractual indemnity claim, Count I of its complaint, dismissed from this action. Accordingly,

**IT IS ORDERED** that the defendant's motion (DE 9) is **GRANTED IN PART AND DENIED IN PART**.

The defendant's motion is **GRANTED** to the extent that the following are

**DISMISSED WITH PREJUDICE**: (1) the plaintiff's contractual indemnity claims; and (2) the plaintiff's common-law indemnity claims based only on payments made before November 22, 2000.

The remainder of the defendant's motion is **DENIED**.

Signed on  March 12, 2007

*Jennifer B Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

13