UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-374-C**

**ELECTRIC INSURANCE COMPANY,**                                                              **PLAINTIFF,**

**V.**                      <u>**MEMORANDUM OPINION AND ORDER**</u>

**FREUDENBERG-NOK, GENERAL PARTNERSHIP,**                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for partial reconsideration (DE 28). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I. Factual Background**

This action arises out of the sale and delivery of allegedly defective products by the defendant, Freudenberg-NOK, General Partnership ("FNGP"), to General Electric Company ("GE"). The plaintiff, Electric Insurance Company ("EIC"), provides product liability insurance to GE and is pursuing this action as subrogee to GE's interests. EIC seeks indemnification from FNGP for amounts it paid on behalf of GE in settlement of property damage claims asserted by homeowners who purchased dishwashers equipped with an allegedly faulty pump seal assembly manufactured by the defendant.

The plaintiff originally asserted two causes of action against the defendant: a claim for contractual indemnity based on provisions of the contract between GE and the defendant that required the defendant to defend, indemnify, and hold GE harmless from any liability resulting from certain failures of the allegedly faulty

pump seal assembly and a claim for indemnity under Kentucky common law. The defendant moved to dismiss these claims on the ground that they were barred by K.R.S. §355.2-725, Kentucky's statute of limitations for breach of contracts for the sale of goods.

In a Memorandum Opinion and Order entered on March 12, 2007, the court partially granted and partially denied the defendant's motion. It found that the plaintiff's common-law indemnity claims were not subject to K.R.S. §355.2-725, but were instead governed by the five-year limitations period set forth in K.R.S. § 413.020(7). DE 25, at 10-11. The court therefore dismissed the plaintiff's common-law indemnity claims only to the extent that they accrued before November 22, 2000. *Id.* With regard to the plaintiff's contractual indemnity claims, the court reasoned as follows:

> The plaintiff argues that the appropriate statute of limitations for its contractual indemnity claim is K.R.S. §413.090, Kentucky's fifteen-year statute of limitations for actions based on contracts, not §413.020(7). It asserts that, because this claim is one for indemnity, it is not subject to the limitations of §355.2-725. The plaintiff also contends, however, that because this claim is contractually based, it is governed by Kentucky's contract statute of limitations. This is, in essence, an argument that the plaintiff's claim is sometimes for indemnity and other times for contract damages, depending on what statute of limitations is most favorable. The plaintiff cannot have it both ways. To the extent that the plaintiff in fact seeks contractual relief, its claim arises under a contract for the sale of goods, is subject to §355.2-725, and is time-barred in its entirety. *See Farm Credit Bank of Louisville v. United States Mineral Prods. Co.*, 864 F. Supp. 643, 647 (W.D. Ky. 1994) ("The enactment of the U.C.C. . . . was a clear expression of legislative intent to occupy the field of commercial transactions. . . . Thus, KRS §355.2-725 provides the proper statute of limitations for a breach of warranty claim. The cause of action accrues upon delivery."). To the extent that this claim is for indemnity, it is merged into the plaintiff's common-law

>indemnity claim and is dismissed only insofar as the plaintiff seeks recovery for payments made before November 22, 2000. For the purposes of clarity, the court will construe it as the former and will order the plaintiff's contractual indemnity claim, Count I of its complaint, dismissed from this action.

*Id.* at 11-12. The plaintiff now seeks reconsideration of the court's dismissal of its contractual indemnity claim.

## II. Standard of Review

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result. *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such motions are not an opportunity for the losing party to offer additional arguments in support of its position. *Engler*, 146 F.3d at 374.

## III. Legal Analysis

### A. The Proper Statute of Limitations

In its motion for reconsideration, the plaintiff argues that the court erred in dismissing its contractual indemnity claim because it incorrectly identified that claim as a breach-of-warranty claim, rather than the indemnity claim that it actually is. Contrary to the plaintiff's arguments, the court's application of K.R.S. § 355.2-725 to Count I of the plaintiff's complaint is mandated by the clear language of that statute: "An action for breach of *any contract for sale* must be commenced within

3

(4) years after the cause of action has accrued" (emphasis added). It is undisputed that the contract signed by the parties was a "contract for sale" within the meaning of Section 355.2-725, and that the contractual indemnification provisions under which the plaintiff seeks relief were a part of that contract. Therefore, the court properly rejected the plaintiff's argument that the general contract statute of limitations, K.R.S. §413.090, governs its contractual indemnity claim.

For similar reasons, the court finds no error in its failure to apply the residual statute of limitations, K.R.S. §413.020(7), to the plaintiff's contractual indemnity claim. Again, the plaintiff's contractual indemnity claim clearly arises out of a contract for the sale of goods. The fact that the particular provision under which EIC seeks relief requires FNGP to indemnify GE against any loss does not convert EIC's contract claim into a claim for indemnity under Kentucky law.

The incongruity of EIC's position is actually highlighted by its argument that "FNGP promised to provide GE (and EIC as its subrogee) with even *broader* indemnity for property damage allegedly caused by FNGP's defective components than would be available to GE under common law." DE 28, at 3. As the court noted in its previous opinion, common-law indemnity is an equitable cause of action that is subject to particular limitations and requires a party invoking it to meet certain standards. See DE 25, at 9-10. A party should therefore not be permitted to contractually craft a broader right to indemnity than that provided by Kentucky common law and still take advantage of the common-law statute of limitations. The plaintiff's attempt to do so only accentuates the appropriateness of applying

4

Section 355.2-725 to the plaintiff's contractual indemnity claim.[1]

In sum, the court finds that it properly applied K.R.S. § 355.2-725 to the plaintiff's contractual indemnity claim, Count I of its complaint.

*B. Warranties for Future Performance*

The plaintiff also contends that, even though K.R.S. § 355.2-725 governs Count I of its complaint, the court should not dismiss that count in its entirety because its contractual indemnity claim did not accrue until the defendant allegedly failed to perform its duty to indemnify the plaintiff for amounts the plaintiff paid to homeowners who suffered property damage. This argument, however, was not presented in the plaintiff's motion for reconsideration or at the oral argument on the motion to dismiss held on March 1, 2007, and was discussed only tangentially in a footnote in the plaintiff's response to the defendant's motion to dismiss. *See* DE 13, at 8 n.4. It was clearly asserted in the record[2] for the first time in the plaintiff's reply to the defendant's response to the motion for reconsideration. *See* DE 35, at 3-6. Since the defendant has had little opportunity to respond to this argument, the court questions whether it has been properly raised by the plaintiff.

---

[1] Ironically, while the plaintiff successfully argued, in responding to the defendant's motion to dismiss, that the court *should not* look to the underlying contractual basis of its common-law indemnity claim, it now asserts that the court *should* look to the underlying indemnity basis of its contract claims.

[2] The court uses the term "in the record" because the plaintiff *did* present this contention in a proposed sur-reply. *See* Exhibit A to DE 20. However, the court denied the plaintiff's motion for leave to file this sur-reply, *see* DE 22, and it was therefore never entered into the record in this action.

The court need not address this issue, however, because it finds that the plaintiff's contractual indemnity claim accrued at the time that the defendant's allegedly defective products were tendered to GE.

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.*

K.R.S. § 355.2-725(2) (emphasis added). The plaintiff argues, in essence, that the defendant's contractual obligations to protect, defend, hold harmless, and indemnify GE from any death, injury, or property damage that may result from deficiencies in the defendant's products is a "warranty of future performance" that does not accrue until its "breach is or should have been discovered."

Although the defendant's promise in this case is not a "repair or replacement" warranty (in which a seller agrees to repair or replace defective parts), the court finds instructive the Maryland Court of Appeals' analysis of such warranties in *Joswick v. Chesapeake Mobile Homes, Inc.*, 765 A.2d 90 (Md. 2001). In describing the difference between a warranty of future performance and a "repair or replacement" warranty, the Court reasoned as follows:

> A warranty of future performance of a product must expressly provide some form of guarantee that the product will perform in the future as promised. The U.C.C. provides the exception in § 2-275(2) because without it, a situation could arise where a buyer, after tender of delivery, could be awaiting such future performance only to have the four year limitation period expire and the future performance promised subsequently fail to occur, thereby leaving the buyer without legal recourse upon such an expressed warranty.

6

> On the other hand, a repair or replacement warranty does not warrant how the goods will perform in the future. Rather, such a warranty simply provides that if a product fails or becomes defective, the seller will replace or repair within a stated period.
>
> Thus, the key distinction between these two kinds of warranties is that a repair or replacement warranty merely provides a *remedy* if the product becomes defective, while a warranty for future performance *guarantees the performance* of the product itself for a stated period of time.

*Id.* at 94-95 (quoting *Ontario Hydro v. Zallea Sys., Inc.*, 569 F. Supp. 1261, 1266 (D. Del. 1983)) (emphasis in original).

Like a "repair or replacement" warranty, the defendant's promise to protect, defend, hold harmless, and indemnify GE against any losses caused by its allegedly defective products provides only a remedy; it is not a guarantee of the performance of the products for any specific time period. Thus, the plaintiff has suffered no prejudice by being held to the general rule that an action for breach of a sales contract accrues when tender of delivery is made.

If, however, the court were to accept the plaintiff's argument that its contractual indemnity claim accrued when the defendant's promise to indemnify was allegedly breached, the defendant would be severely prejudiced. Since a product can theoretically fail and cause damage at any time, under the plaintiff's reasoning, the defendant could potentially be subject to indefinite liability on its promise to indemnify GE for such damage. Such a result essentially makes the defendant an insurer of its products and runs counter to the U.C.C's goals of ensuring finality in commercial contracts. *See Barnes v. Community Trust Bank,* 121 S.W.3d 520, 524 (Ky. Ct. App. 2003); K.R.S. § 355.2-725(1) (noting that

7

parties to a commercial contract may not extend the four-year statute of limitations).  For the foregoing reasons, the court is unpersuaded by the plaintiff's arguments that its contractual indemnity claim accrued after the tender of delivery.  Accordingly,

    **IT IS ORDERED** that the plaintiff's motion for partial reconsideration (DE 28) is **DENIED**.

Signed on  May 29, 2007

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**